IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>ROUSSEAU ELMENDORF LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-06980-CRB<br><br>**ORDER GRANTING MOTION TO QUASH AND DENYING MOTION TO DISMISS** |

Plaintiff Scott Johnson sued Defendants Rousseau Elmendorf LLC and Ali Reza Raji alleging violations of the Americans with Disabilities Act (ADA) and California's Unruh Act. After Raji failed to answer the complaint, Plaintiff requested and was granted an entry of default. Raji then notified Plaintiff that he had not been properly served, and Plaintiff responded that he would only set aside the default if Raji agreed to file an answer in 10 days. Raji refused, and instead filed this motion to quash, set aside the default, and dismiss the action. The Court finds oral argument unnecessary. The motion to quash and set aside the default is GRANTED, the motion to dismiss is DENIED, and the deadline for Plaintiff to serve Raji is EXTENDED by 30 days.

## I.  BACKGROUND

Plaintiff is a California resident with physical disabilities. Compl. (dkt. 1) ¶ 1. Raji runs West Auto Sales, in which he "sell[s] used cars on very small lot set back from El Camino Real" in Belmont, California. Raji Decl. (dkt. 22) ¶ 2. He "works alone at [his] place of business" and "ha[s] no employees." Id. ¶ 3. According to his website, his normal business hours are from 10 a.m. to 6 p.m. on weekdays. Id. ¶ 5.

Plaintiff went to West Auto Sales with "the intention to avail himself of its goods

and services motivated in part to determine if the defendants comply with the disability access laws." Compl. ¶ 10.  Plaintiff alleges that West Auto Sales failed to provide accessible paths of travel for wheelchairs and adequate "door hardware" in compliance with ADA standards.  Id. ¶¶ 12, 17.

The process server made three attempts to personally serve Raji with the summons and the complaint at West Auto Sales: on Wednesday, September 29 at 8:30 a.m.; on Thursday, September 30 at 5:00 p.m.; and on Friday, October 1 at 4:35 p.m.  See Opp. (dkt. 26) at 1.  The September 29 service attempt occurred 1.5 hours before Raji opens his business.  Raji Decl. ¶ 6.  The second and third attempts occurred shortly before the close of his normal business hours on Thursday and Friday.  Id. ¶ 5.

On the third attempt, the process server executed "substituted service" and left the documents with "a person of at least 18 years of age apparently in charge at the office or usual place of business."  See Proof of Service (dkt. 11) at 1.  The process server described the woman he left the documents with as a "60-year-old, heavy set female of Arab descent with black-grey hair, brown eyes, and glasses."  Id.

Raji states that he never received a copy of the summons and complaint at his "office . . . or business or usual mailing address."  Raji Decl. ¶ 4.  Because he works alone and has no employees, "no one is authorized to accept service on [his] behalf, nor would there be anyone with apparent authority."  Id. ¶ 3.  He states that, on the afternoons of September 30 and October 1, "no process server approached me to serve me with documents."  Id.  He noted that "[t]here are days when I leave the business slightly early if there are no customers in the evening."  Id.

Raji did not respond to the complaint, and Plaintiff obtained an entry of default. Entry of Default (dkt. 13).  After being served with the notice of entry of default, Raji informed Plaintiff that he had never been served with the initial complaint and summons and requested that Plaintiff set aside the default.  Kawar Decl. (dkt. 23) ¶ 2.  Plaintiff responded with the following ultimatum: "We are amenable to setting the default aside provided a response can be filed 10 days after approval from the court's order.  Please

2

1  forward a draft stipulation and order." Id. Ex C.  Raji refused this demand and reiterated
2  that he had not been served, that the process server's approach "seems designed to miss the
3  party they are supposed to serve," and that he wanted to reach a "cooperative[]" solution to
4  set aside the default, perhaps involving stepping back for two weeks while Raji
5  communicated with the property owner.  Id., Ex C & D.  Plaintiff replied that "there is
6  nothing suspect about the times we tried to serve" and "[w]e will not 'step back.'"  Id., Ex
7  E.
8        Raji moved to quash service, set the default aside, and dismiss the action under
9  Federal Rule of Civil Procedure 4(m).  Mot. (dkt. 21) at 5.

## II.　LEGAL STANDARD

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."  Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  Federal Rule of Civil Procedure 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

California Code of Civil Procedure section 415.20(b) governs service to natural persons.   It provides:

> If a copy of the summons and of the complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and of the complaint at such person's . . . usual place of business . . . in the presence of . . . a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b) (emphasis added).

Under California law, the plaintiff bears the burden of showing that they demonstrated reasonable diligence at direct service.  Falco v. Nissan N. Am. Inc., 987 F.

3

Supp. 2d 1071, 1080 (C.D. Cal. 2013). Ordinarily, two or three attempts at personal service at a proper place and with correct pleadings should satisfy the requirement of reasonable diligence. Bein v. Brechtel-Jochim Group, Inc., 6 Cal. App. 4th 1387, 1391–1392 (1992). But each case must be judged upon its own facts, and "no single formula nor mode of search can be said to constitute due diligence in every case." Falco, 987 F. Supp. 2d at 1080 (citation and quotation omitted). Service-of-process rules should be "liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint." Pasadena Medi–Ctr. Associates v. Superior Court, 9 Cal.3d 773, 778 (1973).

### III.  DISCUSSION

Plaintiff did not exercise reasonable diligence in attempting to personally serve Raji before resorting to substituted service. The motion to quash service is granted and service is ordered to be made within thirty days of this order.

#### A.  Reasonable Diligence

While "two or three" proper attempts at personal service usually satisfy the requirement of reasonable diligence, each case must be judged upon its own facts. See Kremerman v. White, 71 Cal. App. 5th 358, 373 (2021); Falco, 987 F. Supp. 2d at 1080. Here, of the process server's three attempts, only two occurred during official business hours. Opp. at 1. Of those two, one occurred at 5 p.m. on a Thursday and 4:35 p.m. on a Friday. Id.

Plaintiff dismisses Raji's argument that he leaves "slightly early" some days. Id. at 2. But a person running a small used car lot would reasonably close early "if there are no customers in the evening"—especially on a Friday. When the process server came to the business on a Friday at 4:35 p.m. and saw that Raji was not present—particularly after observing the same the previous evening—it would be basic "reasonable diligence" to make a subsequent attempt in the middle of the workday. The Court grants the motion to quash.

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 4(m), defendants must be served within ninety days of filing of the complaint. If a defendant is not served within ninety days, the court may either "dismiss the action without prejudice against that defendant" or "extend the time period" for service. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m)). If a plaintiff has shown "good cause for the delay," Rule 4 "requires a district court to grant an extension of time." Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). "Good cause" means "excusable neglect" and may require a plaintiff to show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." In re Sheehan, 253 F.3d 507, 512.

Plaintiff has good cause for an extension of time: Raji received actual notice within 90 days, Raji is not prejudiced by an extension, and Plaintiff would be "extremely prejudiced" by dismissal because he would lose the claim. It makes little sense to foreclose a potentially legitimate ADA claim because of counsel's litigation tactics. Because Plaintiff meets the good cause standard, the Court extends the time for service by thirty days. See Sheehan, 253 F.3d at 512; see also Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." (quotation marks and citations omitted)).

### C. Sanctions

Federal courts have inherent power to impose sanctions against attorneys for bad faith conduct in litigation. Chambers v. NASCO, 501 U.S. 32, 45-46 (1991). "[A] court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (citing id.). Bad faith does not necessarily require that the "basis for the action prove totally frivolous." See id. (quotation and citation omitted).

The Court is seriously troubled by Plaintiff's counsel's ultimatum that he would

only set aside the default if Raji agreed to answer. Indeed, it could be part of a litigation strategy of using borderline-inadequate service to secure an entry of default and then hold up defendants who protest. The Court declines to issue sanctions against Plaintiff at this time. But the Court will not hesitate to do so in the future upon further evidence of bad faith conduct.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to quash and set aside the default, DENIES the motion to dismiss, and EXTENDS the time of service for 30 days.

**IT IS SO ORDERED.**

Dated: March 15, 2022

CHARLES R. BREYER
United States District Judge

6